**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CHRISTIAN H. DRIBUSCH,**
**Chapter 7 Trustee,**

                      **Appellant,**

  vs.

                                            **12-CV-01793**
                                                **(MAD)**

**THOMAS E. ZEBROWSKI,**

                      **Appellee.**
_____

**APPEARANCES:**                                      **OF COUNSEL:**

**WHITEMAN, OSTERMAN**                 **CHELSEY T. LESTER, ESQ.**
**& HANNA, LLP**
One Commerce Plaza
Albany, New York 12260
Attorneys for Appellant

**HIGGINS, ROBERTS &**                     **MICHAEL E. BASILE, ESQ.**
**SUPRUNOWICZ, P.C.**
1430 Balltown Road
Niskyuna, New York 12309
Attorneys for Appellee

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Currently before the Court is an appeal from an order of the United States Bankruptcy Court, Northern District of New York entered on October 25, 2012 overruling and denying Appellant's objection to discharge and dismissing the adversary proceeding. *See* Dkt. No. 1–2.

### II. BACKGROUND

On January 28, 2011, Appellee-Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. *See* Dkt. No. 4 at 6. The case was selected for audit by the United States Trustee and an audit was conducted. *See* Dkt. No. 2–7 at 2. On April 4, 2011, as part of the audit, Appellee executed an affidavit of non-ownership ("Affidavit") concerning a 2007 trailer and a 1997 Mercedes Benz S. Class. *See* Dkt. No. 4 at 7. Appellee had, in fact, owned the trailer on January 29, 2009, within two years of filing of the petition. *See* Dkt. No. 2–7 at 2. On September 7, 2011, Appellant-Trustee initiated an adversary proceeding against Appellee by filing a complaint pursuant to 11 U.S.C. § 727(a)(4), objecting to Appellee's discharge. *See* Dkt. No. 4 at 9.

The bankruptcy court held a bench trial at which Appellee, Mary Ellen Zebrowski, and Ernest Verni were called as witnesses and testified. *See id.* at 10. As the bankruptcy court points out, "[t]he [Appellant] dedicated eleven of sixteen minutes of the direct examination . . . to issues other than the Affidavit." Dkt. No. 1–2 at 10. Appellee testified that he signed the Affidavit at his lawyer's office. *See* Dkt. No. 2–6 at 23:13–14. Appellee was then asked if he had an opportunity to go over the document with his attorney, to which Appellee responded, "I think his assistant gave it to us." *Id.* at 23:15–18. Appellee was further examined as to whether he had reviewed any of his records prior to signing the Affidavit. *Id.* at 23:21–22. Appellee stated that he had no records with him to review. *Id.* at 23:23.

On cross examination, Appellee offered his explanation for the false statement contained in the Affidavit. When asked what he thought about the trailer when he examined the Affidavit before signing it, Appellee stated "[w]ell, I thought it was an older trailer before the other one because the sled was newer[.]" *Id.* at 30:17–18. When questioned further about the older trailer, Appellee discussed a trailer that he had previously owned and which he believed was the one

2

referenced in the Affidavit. *See id.* at 30:22–31:12. After the cross examination was completed, Appellant was given the opportunity to examine further but declined that opportunity. *See id.* at 33:13–16.

Next, Mrs. Mary Ellen Zebrowski was called by Appellant. *See id.* at 34. Mrs. Zebrowski testified that she signed the Affidavit after having time to review it. *See id.* at 39:1–7. Mrs. Zebrowski further testified that she had an opportunity to ask questions concerning the Affidavit, but did not recall having a conversation with Appellee about the trailer and did not ask him about it. *See id.* at 39:5–16. Mrs. Zebrowski indicated that she would not be able to recognize the trailer. *See id.* at 36:17–19. The third and final witness called by Appellant was Ernest Verni. *See id.* at 47. Mr. Verni testified that the trailer was transferred to him in July of 2010. *See id.* at 54:18–55:2.

Appellee was recalled to the stand upon the conclusion of the Appellant's case, and testified that the trailer was transferred to Mr. Verni in December of 2009. *See id.* at 59:2. Following a short examination by both sides, Appellee rested. *See id.* at 58:18–61:11. Upon conclusion of the testimony, the bankruptcy court issued the order appealed from, overruling and denying Appellant's objection to discharge and dismissing the adversary proceeding. *See* Dkt. No. 1–2. Specifically, the bankruptcy court found that "the [Appellant] has not proven . . . the element of knowledge . . . needed to sustain his § 727(a)(4)(A) cause of action." *See id.* at 12.

On December 6, 2012, Appellant filed this appeal seeking reversal of the bankruptcy court's order. *See* Dkt. No. 1.

### III. DISCUSSION

A.      **Standard of Review**

In exercising its appellate review under Rule 8013 of the Federal Rules of Bankruptcy Procedure, the district court reviews the bankruptcy court's findings of fact under a clear error standard and conclusions of law *de novo*. *See In re Vebeliunas*, 332 F.3d 85, 90 (2d Cir. 2003). "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013. "The question of a debtor's knowledge and intent under § 727(a)(4) is a matter of fact." *Adler v. Ng (In re Adler)*, 395 B.R. 827, 833 (E.D.N.Y. 2008) (quoting *Cepelak v. Sears (In re Sears)*, 246 B.R. 341, 347 (B.A.P. 8th Cir. 2000)).

The instant appeal requires this Court to examine the bankruptcy court's finding that the element of knowledge was not proven. This is a factual matter which is reviewed for clear error.

B.      **Knowledge Element**

At trial, Appellee offered an explanation of the false statement that he made in signing the Affidavit. He testified that he believed the Affidavit was referencing an old trailer. When asked if he had ever owned another trailer besides the one at issue, Appellee answered as follows: "I had one that I had bought either before or after that." *See* Dkt. No. 2–6 at 30:22–25. When further questioned whether he was thinking of this other trailer when he signed the Affidavit, Appellee answered "Yeah, I mean I think about it and I just – I don't know, I just looked at it real quick. I seen '07. I said that's the old one. That's what I said in my mind." *See id.* at 31:8–12.

While this Court shares the skepticism of the bankruptcy court concerning the explanation offered by the Appellee, it also recognizes, as did the bankruptcy court, that the testimony went

4

uncontradicted.  *See* Dkt. No. 1–2 at 11.  When Appellee offered an explanation for the false statement on cross examination, Appellant was offered the opportunity to elicit more testimony after that explanation but declined that opportunity.  *See* Dkt. No. 2–6 at 30, 33.

The bankruptcy court found that "[n]o testimony was elicited contradicting or discrediting [Appellee's] justification for the erroneous statement in the Affidavit or rebutting his self-serving statements."  *See* Dkt. No. 1–2 at 11.  This Court must give "due regard" to the bankruptcy court's determination that no evidence was elicited which discredited Appellee's explanation.  *See* Fed. R. Bankr. P. 8013.  Nothing in the record supports a finding that this determination is clearly erroneous, especially in light of the construction in favor of the debtor in § 727 objections.  *See State Bank of India v. Chalasani (In re Chalasani)*, 92 F.3d 1300, 1310 (2d Cir. 1996) ("Clearly, § 727 imposes an extreme penalty for wrongdoing.  As such, we have held that it must be construed strictly against those who object to the debtor's discharge and liberally in favor of the bankrupt" (quotation omitted)).

Both parties discuss the case *In re Diorio*, 297 F. Supp. 842 (S.D.N.Y. 1968), *aff'd Diorio v. Kreislet-Borg Const. Co.*, 407 F.2d 1330 (2d Cir. 1969).  In *Diorio*, the district court, reversing the bankruptcy referee's decision, denied a debtor a discharge based on false statements contained in an affidavit.  *See id.* at 846.  This case is, however, easily distinguished from the present case.  In *Diorio*, the district court found that, "[i]n view of the failure of the bankrupt to testify or present any other evidence to explain the false affidavit, it was clearly erroneous to find that the making of the false affidavit was inadvertent."  *Id.*  That is not the case here, as the Appellee did offer testimony to explain the false statement.  As such, reliance on the *Diorio* case is misplaced.

Appellant argues that "it is incredulous that someone would have held [Appellee's] so-called beliefs with respect to the Trailer after reading the Affidavit."  *See* Dkt. No. 4 at 19.  As the

5

bankruptcy court correctly determined, however, Appellant failed to elicit testimony to attack the veracity of those beliefs. The bankruptcy court, as the trier of fact, after examining all the evidence, concluded that "[b]ased upon the evidence before it, the court cannot conclude that Mr. Zebrowski possessed the requisite knowledge when he signed the Affidavit." *See* Dkt. No. 1–2 at 11. This factual finding as to Appellee's knowledge is not clearly erroneous.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that the October 25, 2012 order of the bankruptcy court is **AFFIRMED**; and the Court further

**ORDERS** that Appellants' appeal is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment and close this case.

**IT IS SO ORDERED.**

Dated: November 1, 2013
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge